**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2165
_____

DANIEL LAUGHLIN,
                                        Appellant

v.

MS. PECK; DAVID SMITH; KIRK HENDERSON; EMEKA IBEMERE;
SUSAN SENCHAK; SHANNON RANDALL; VALERIE HIEBNER; LT. ARYERS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-10-cv-00213)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2013

Before: FUENTES, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: January 14, 2014)
_____

OPINION
_____

PER CURIAM

Daniel Laughlin, proceeding pro se, appeals the District Court's orders dismissing

his claims against certain defendants, granting summary judgment in favor of the

remaining defendants, and denying his motions for leave to amend his complaint and to

compel discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise a plenary standard of review over the District Court's dismissal order and grant of summary judgment, see Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013) (motion to dismiss); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment). We review for abuse of discretion the District Court's orders denying leave to amend the complaint, see Connelly, 706 F.3d at 217, and denying Laughlin's discovery motion, see Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995). For the reasons set forth below, we will affirm.

I.

Laughlin, a Pennsylvania inmate, was housed at State Correctional Institution at Albion ("SCI-Albion") from November 2006 until March 2009. During part of this time, Laughlin was cellmates with Rodney Comer. In early 2008, Laughlin wrote a letter to the District Attorney of Cumberland County, Pennsylvania, stating that Comer had admitted to a past incident involving the molestation of a child. Defendants Christylee Peck, an Assistant District Attorney, and Detective Smith were assigned to investigate Laughlin's information. After being interviewed by Smith and Peck, Laughlin agreed to testify against Comer. According to Laughlin, he was thereafter subjected to physical assaults and received "snitch letters" as a result of agreeing to testify against Comer. He also alleged that he was sexually assaulted in his cell on three occasions. Laughlin claimed that he requested protective housing and informed several prison officials of this abuse. He also stated that in March 2008 he sent a letter to Defendants Smith and Peck,

2

detailing the abuse he was suffering, and that on July 14, 2008, he followed-up with Peck. At that point, she told Laughlin that she would call SCI-Albion to talk to prison officials. According to Laughlin, however, the abuse continued and did not end until he was transferred to the State Correctional Institute in Mercer, Pennsylvania ("SCI-Mercer") in March 2009.

On August 30, 2010, Laughlin filed in the District Court a civil rights complaint against defendants Peck and Smith, as well as several prison officials ("Corrections Defendants"). Laughlin did not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, in his complaint, but the District Court reasonably read the complaint as bringing claims for failure to protect in violation of his Eighth Amendment rights, as well as a claim for First Amendment retaliation. Defendants Peck and Smith filed a motion to dismiss, which the District Court granted. Subsequently, the District Court granted the Corrections Defendants' motion for summary judgment and denied Laughlin's motions to amend his complaint and compel discovery. This appeal followed.

II.

We first consider whether Laughlin has waived any potential arguments by failing to present them in his opening brief, as the Appellees argue. In his brief, Laughlin claims that he is unable to present any argument in support of his appeal because his legal materials are missing. Notably, Laughlin did not file a motion for extension of time to file his brief, nor did he seek a stay of the briefing schedule or any other relief from the Court.

3

Generally, an appellant's failure to present and argue issues in the opening brief would result in waiver of the issues on appeal. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); Fed. R. App. P. 28(a). However, Laughlin proceeds pro se, and accordingly, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). We are satisfied that Laughlin's response to question five in his informal brief presents a challenge to both the dismissal of his claims against Peck and Smith and the denial of his discovery motion. Accordingly, we will review the merits of the appeal with respect to these two issues. With respect to all other claims, we agree with the Appellees that Laughlin has waived any potential arguments.

Turning to Laughlin's claims against Peck and Smith, Laughlin alleged that these defendants violated his Eighth Amendment rights by failing to protect him from other inmates after he was labeled a snitch for testifying against Comer. First, regarding Laughlin's claims against Smith, liability under § 1983 requires the plaintiff to plead the defendant's personal involvement in the alleged constitutional violation, which "can be shown through allegations of personal direction or of actual knowledge and acquiescence." Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011) (quotation marks omitted). Here, Laughlin's complaint alleged only limited contact with Smith: (1) In January 2008, Laughlin had a meeting with Smith and Peck concerning his information about Comer; (2) in March 2008, Laughlin sent a letter to Smith and Peck detailing the abuse he was suffering for agreeing to testify against Comer; and (3) in July 2008, after Peck told Laughlin that she had not received his March

4

2008 letter, Peck called Smith and he brought her Laughlin's letter. These allegations are wholly insufficient to show that Smith was personally involved in any alleged wrongdoing, and dismissal of the claims against him was proper.

With respect to Laughlin's claims against Peck, to plead a violation of the Eighth Amendment, a prisoner must allege that state officials acted with deliberate indifference to a "substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828 (1994). To be liable, state officials must know of and disregard an excessive risk to the inmate's health or safety. Id. at 837. Here, in addition to the allegations against Peck outlined above, the complaint contains only one additional allegation against her: in July 2008, after Peck received Laughlin's letter, she told him that she would call SCI-Albion and talk to the prison officials. There is no other contact with Peck alleged in the complaint and there are no further allegations concerning her assurance that she would call the prison officials. While Laughlin alleged that the abuse continued until he was transferred to SCI-Mercer in March 2009, even if the allegations are true, the complaint does not allege or allow for the reasonable inference that Peck subjectively knew of any abuse Laughlin suffered after her contact with him in July 2008. This is fatal to his Eighth Amendment failure to protect claim and, thus, the claims against Peck were properly dismissed. [1]

---

[1] We agree with the District Court that allowing Laughlin to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Laughlin also appeals the District Court's order denying his motion to compel discovery, stating that if it had been granted, he could prove that "they" knew about the assaults and snitching letters. We will not reverse a district court's discovery rulings absent "the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." In re Fine Paper Antitrust Litig., 685 F.2d 810, 818 (3d Cir. 1982) (citation omitted). Laughlin sought to compel answers to discovery requests that he sent on April 2, 2012, and May 11, 2012. However, discovery had closed on March 15, 2012. Because the case had been pending for almost two years, the District Court did not abuse its discretion in denying Laughlin's motion to compel answers to untimely discovery requests.

III.

For the foregoing reasons, we will affirm the judgments of the District Court.